**Diann IACOBUCCI; Daniel Burgers, Plaintiffs–Appellants**

v.

**WELLS FARGO BANK, N.A.; U.S. Bank National Association, as Trustee for CitiGroup Mortgage Loan Trust 2006–WFHE4, Asset–Backed Pass–Through Certificates, Series 2006–WFHE4, Defendants–Appellees.**

No. 13–11356
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 8, 2014.

Mark A. Swaim, Swaim Law Office, Irving, TX, for Plaintiffs–Appellants.

Thomas A. Connop, Esq., Daron L. Janis, Esq., Locke Lord, L.L.P., Dallas, TX, for Defendants–Appellees.

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM: *

This appeal arises in the context of a foreclosure that prompted Plaintiffs–Appellants Iacobucci and Burgers ("Plaintiffs") to sue Defendants–Appellees ("Defendants") in state court. After

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

Defendants removed that suit to the district court, they filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, relying principally on the Texas four-year limitations period for constitutional claims of the nature asserted by Plaintiffs under § 50(a)(6)(B) of Article XVI of the Texas Constitution.

In its carefully crafted Memorandum Opinion and Order of November 13, 2013, the district court patiently reviewed the law applicable to the facts asserted by Plaintiffs and concluded that their state constitutional claims are time barred and that they cannot maintain any of their ancillary claims, e.g., breach of contract, Texas Debt Collection Act, Texas Deceptive Trade Practices Act, and fraud and fraudulent misrepresentation. For essentially the same reasons cogently explained in its Order, the district court's dismissal of Plaintiffs' action is, in all respects,

AFFIRMED.

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.